IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RUSSELL SMITH-EL, #219814          *
            Plaintiff,
       v.                          *

WEXFORD HEALTH SOURCES INC.        *
MARK W. HALLE
CORIZON HEALTHCARE MEDICAL         *
   SERVICES INC.
STUART CAMPBELL                    *    CIVIL NO.  WDQ-13-0893
RICH HALLWORTH
KEVIN BICE                         *
MUNICIPAL CORPORATION
   DEPARTMENT OF PUBLIC SAFETY     *
GARY D. MAYNARD
PHILIP J. PIE                      *
THOMAS P. SULLIVAN
MICHAEL J. STOUFFER                *
            Defendants.
                                   ***


MEMORANDUM

On March 25, 2013, Russell Smith-El, an inmate confined at the Eastern Correctional

Institution, filed a "writ of habeas corpus *ad testificandum*" against Department of Public Safety and

Correctional Services ("DPSCS") staff and medical administrators, seeking transportation to appear

before a federal magistrate judge "to file a criminal complaint [against the Defendants] and affirm

with tangible materials of fact & physical facts of injuries to my person . . ." ECF No. 1.[1] Affording

the *pro se* pleading a liberal construction, Smith-El alleges that the DPSCS, a "municipal

corporation," and its governing officials have legal custody over him and have "exercised their

fiduciary duty" in contracts involving private health care contractors.  He alleges that he has been

"bound into servitude" by these procurement contracts and has not given his legal consent to submit

---

[1] The Court will construe Smith-El's initial filing as a 42 U.S.C. § 1983 civil rights complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

to intrusions of his body, namely, the taking of blood for HIV testing and surgical procedures performed on his person by the health care agents. He appears to claim that parties violated the federal rules of criminal procedure by conspiring to deprive him of his constitutional right to protect his personal safety and liberties. In his attachments, Smith-El includes the "action agenda" for the inmate health care contract for the DPSCS for the five year period ending 2017; an affidavit attesting to the injuries (deprivation of rights) he has experienced; and an order to show cause for a preliminary injunction/temporary restraining order and memorandum in support. ECF No. 1 at Attachments. For reasons stated below, the writ of habeas corpus *ad testificandum* and temporary restraining order will be denied and the action will be dismissed without prejudice

Federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332. The burden of establishing subject matter jurisdiction rests on the party invoking the jurisdiction of the court. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A private citizen cannot establish federal question jurisdiction by bringing criminal charges against another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Similarly, this Court cannot file criminal charges or direct that they be filed. *See Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam). Because Smith-EL cannot file a criminal complaint in federal court, his motion for a writ of habeas corpus *ad testificandum* to facilitate the filing of such a complaint must be denied.

Nor has Smith-EL stated a claim under 42 U.S.C. § 1983. Section 1983 provides a remedy against any person who, acting under color of state law, deprives another of constitutional rights. 42 U.S.C. § 1983. It "is not itself a source of substantive rights, but merely provides a method for

vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). Smith-El has failed to allege facts in support of a § 1983 claim sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). His allegations will be dismissed for failure to state a claim upon which relief can be granted. A separate Order shall be entered dismissing the case.[2]

Date: 4/30/13

_____
William D. Quarles, Jr.
United States District Judge

---

[2] Smith-El filed neither the civil filing fee nor an indigency motion. In light of the dismissal of this action, he shall not be required to cure this omission.